**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT BOLT,**

        **Petitioner,**        **CIVIL ACTION NO. 06-CV-14507-DT**

  **VS.**                              **DISTRICT JUDGE DAVID M. LAWSON**

**PATRICIA CARUSO,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

        **Respondents.**

_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION**:    This action should be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Petitioner has failed to state a claim upon which relief may be granted.

**II.**     **REPORT**:

This matter comes before the Court on the Court's duty to screen complaints filed in civil actions in which a prisoner seeks redress from an employee of a governmental entity. 28 U.S.C. §§ 1915(e)(2)(B);1915A. All pretrial matters have been referred to the undersigned for action. (Docket no. 10). Petitioner is proceeding *pro se* and *in forma pauperis*.[1] (Docket no. 8). He is a prisoner currently housed at the Standish Maximum Correctional Facility in Standish, Michigan. (Docket no. 1). Petitioner names as Respondents various Michigan state officials and employees of the Michigan Department of Corrections. (*Id.*).

---

[1] The Court notes that Petitioner has at least two previous dismissals of civil actions for failure to state a claim or for being frivolous. This dismissal may therefore be the "third strike" for him under 28 U.S.C. § 1915(g). *See Bolt v. Fetterhoff*, No. 93-CV-972 (W.D. Mich. Dec. 14, 1993) (frivolous); *Bolt v. Graves*, No. 93-CV-928 (W.D. Mich. May 23, 1994) (frivolous).

Petitioner filed this Petition for Writ of Mandamus claiming that he is a "Fed. Indian" and that because of this status the State of Michigan had no jurisdiction to prosecute him. (Docket no. 1 at 4). According to the exhibits attached to the Petition, Petitioner was convicted in Michigan state court in 1993 on two counts of 1st Degree Criminal Sexual Conduct. Based on this conviction, Petitioner was designated a homosexual predator in the prison system. (*Id*.). Petitioner asks that this designation be removed. He contends that only a tribal court or the federal government may adjudicate him guilty of a criminal offense. (*Id*. at 5). Petitioner also claims that he can only be tried for and convicted of crimes violating statutes of the United States due to his being a "Fed. Indian." (*Id*. at 8).

As relief, Petitioner seeks an order that the State of Michigan promulgate rules and vacate his predator label. (*Id*. at 10-11). Petitioner also asks for a declaratory judgment that he is illegally confined, a preliminary injunction enjoining the Respondents from continuing to violate Indian laws, and an order for the State to remove all labels on "Fed. Indians." Petitioner also requests damages. Petitioner states that he brings this mandamus petition pursuant to the Federal Major Crimes Act, the Federal Indian Civil Rights Act, and Federal Indian treaties. (*Id*. at 2).

Under section 1915A, the court "shall review" a complaint in a civil action in which a prisoner seeks redress from an employee of a governmental entity. 28 U.S.C. § 1915A(a). On this review the court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id*. § 1915A(b)(1). In addition, the Court is directed to dismiss a case in which the petitioner is proceeding *in forma pauperis* at any time if it finds that the action is frivolous or malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Mandamus jurisdiction is available only if (1) the petitioner has exhausted his

administrative remedies, and (2) the respondent owes the petitioner a clear, nondiscretionary duty that it has failed to perform. *Your Home Visiting Nurse Servs., Inc., v. Secretary of Health and Human Servs.*, 132 F.3d 1135, 1141 (6th Cir. 1997), *aff'd*, 525 U.S. 449 (1999).

Petitioner's criminal convictions are central to his claims. He claims that he was illegally convicted. These convictions form the basis for his predator designation. A challenge to the fact or duration of confinement should be brought as a petition for writ of habeas corpus and is not the proper subject of a civil action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-93 (1973). Petitioner does not explicitly ask for his release from prison, but to the extent that he is seeking such relief his only remedy is by a petition for writ of habeas corpus.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can show that his conviction or sentence has previously been invalidated. This rule has been extended to declaratory and injunctive relief. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (injunctive relief). *Heck* is applicable to a petition for writ of mandamus. *See Dewitt v. Adduci*, 62 Fed. App'x 532 (4th Cir. May 1, 2003). Petitioner's claims that the state court lacked jurisdiction to adjudicate him guilty of his criminal offenses necessarily imply the invalidity of those convictions. Also, because his predator designation is based on those convictions, his request for removal of that designation necessarily implies the invalidity of his convictions. Finally, the Court finds that Petitioner's claims of some type of immunity from state prosecution for violating state laws based on his Indian status is frivolous.

3

Petitioner has therefore failed to state a claim upon which relief may be granted on his mandamus petition. This action should be dismissed without prejudice.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later

than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: September 24, 2007              s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Robert Bolt and Counsel of Record on this date.

Dated: September 24, 2007              s/ Lisa. C. Bartlett
                                       Courtroom Deputy