UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLT,

                Petitioner,                Case No. 06-14507

v.                                              Honorable David M. Lawson
                                                   Magistrate Judge Mona K. Majzoub

PATRICIA CARUSO, Director, STATE
OF MICHIGAN, MIKE COX, Attorney
General, T. MUNCHBACH, Case Manager,
DENNIS STRAUB, T. PALMER, BETTY
SMITH, Grievance Coordinator, H. ANSELL,
JUDY GREEN, Hearing Investigator, B.
McLEMORE, Acting Warden, JIM
ARMSTRONG, RICHARD STAPLETON,
S. BURKE, Hearing Officer, M. MAHONY,
Hearing Investigator, THOMAS M.
BIRKETT, Warden, MELODY WALLACE,
and ARUS S. BEARSS,

                Respondents.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE, OVERRULING PETITIONER'S
OBJECTIONS, AND DISMISSING PETITION FOR MANDAMUS**

This case was filed as a "complaint for writ of mandamus," where the petitioner, who identifies himself as "Lightningbolt," also known as Robert Dale Bolt or "Wa Wa Sum," challenges the validity of his 1993 conviction in Michigan state court of two counts of first-degree criminal sexual conduct and his subsequent designation as a "homosexual sexual predator" by the Michigan Department of Corrections. He contends that his status as a Federal Indian deprives the state court of jurisdiction to convict him. He also seeks a declaration that his confinement is illegal and that his label as a "predator" should be removed. The case was referred to Magistrate Judge Mona K. Majzoub to conduct all pretrial proceedings under 28 U.S.C. § 636(b)(1)(B). Judge Majzoub conducted the screening required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and on September 24,

2007, she filed a report recommending that the petition be dismissed without prejudice. The petitioner filed a paper entitled "Motion for reconsideration responds objection," in which he purported to object to the report and recommendation. The Court has reviewed the file, the report and recommendation, the plaintiff's objections (so construed), and has made a *de novo* review of the record in light of the parties' submissions. The Court concludes that the plaintiff's objections lack merit, and the petition is frivolous and fails to state a claim for relief. Therefore, the Court will adopt the recommendation and dismiss the case.

I.

The petitioner, is currently incarcerated at Standish Maximum Correctional Facility in Standish, Michigan. The Bureau of Indian Affairs has recognized that he is a Saginaw Chippewa Indian by blood, but it is unclear whether he is an enrolled member of any tribe. *See* Compl. 55. On February 12, 1993, the petitioner was convicted on a plea of guilty to two counts of first-degree criminal sexual conduct in the Muskegon County, Michigan circuit court for an offense that occurred on August 5, 1992. He was sentenced to twenty-five to seventy-five years in prison. Apparently, the petitioner has been designated a "homosexual predator" in the prison system. Under Michigan Department of Corrections policy, "[a] prisoner designated as a homosexual predator prior to the effective date of this policy [August 27, 2007] shall be considered a sexual predator for purposes of this policy." MDOC Policy Directive 05.01.150(B). There was an administrative hearing on June 29, 1993, where his status as a "homosexual predator" was apparently decided based on the following information that arose from the offenses of conviction:

> On 2/12/93, prisoner Bolt was convicted of 2 counts of 1st Degree Criminal Sexual Conduct. According to his presentence investigation report, one of the victims was a 14 year old male at the time of the complaint of ongoing sexual abuse and was present when a second victim was also abused. The second victim (younger than 14

years) related that he was told if he were to tell anyone else of the abuse, he "better call 9-1-1 or he will kill him" (by Bolt). Furthermore, the victims related that the conduct was unwanted.

Compl. at 64.

On September 12, 2006, the petitioner filed a grievance with the Michigan Department of Corrections complaining about the "lack of jurisdiction." This was rejected because the "issue is with the Court, not the facility and because the grievance contained extraneous information." The petitioner exhausted his appeal of this issue, having his claim rejected at every step. *See* Compl. 76-82.

The petitioner's "complaint for writ of mandamus" is long and incoherent. He names as defendants several state entities and officials: the Michigan Department of Corrections, Attorney General Michael Cox, T. Munchbach, Case Manager, Dennis Straub, T. Palmer, Betty Smith, Grievance Coordinator, H. Ansel, Judy Green, Hearing Investigator, B. McLemore, Acting Warden, Jim Armstrong, Richard Stapleton, S. Burke, Hearing Officer, M. Mahony, Hearing Investigator, Thomas M. Birkett, Warden, Melody Wallace and Arus S. Bearss. Although he never requests release from prison or that his conviction be overturned, he makes repeated claims about the "illegal" nature of his conviction and confinement, and his subsequent designation as a homosexual predator. The crux of his argument is that because of his status as an Indian, only the Federal Government has jurisdiction to try him, and the state courts never had that jurisdiction over him. He notes that the baseline rule under *Ex parte Crow Dog*, 109 U.S. 556 (1883), is that states do not have jurisdiction to prosecute Indians for actions committed on Indian lands. Congress granted six states general criminal jurisdiction with Public Law 280, codified in relevant part at 18 U.S.C. §

1162, but Michigan was not one of those states. He reiterates this position by arguing that his trial counsel was ineffective by not challenging jurisdiction. He seeks relief in the following form:

> [I]ssue a Writ of Mandamus **ORDERING STATE** of Mich. & **STATE** MDOC Defendant's & et.al's to promulgate rules in accordance with U.S. Fed. Laws / Fed. Indian Laws / Major Crimes Act 18 USC § 1153 / Indian Civil Rights Act 25 USC § 1301 (2)(8) et.seq. / Fed. Indian **TREATIES** Law U.S. Const. Act I § 8 CL 3 , Art II § 2 CL 2 / Ex Parte Crow Dog 3 S.CT. 396 / Blactchford -v- Fed. Indian Village of Noatak & Circle Fed. Indian Village 111 S.CT. 2578 & to Implement said Act Immediately & to **ORDER** to Vacate " **STATE** Special Designation - Predator Label under **STATE** MICH. COMP. LAWS § 791.251 (C)(4)(5) / MDOC R 791.3215 / MDOC PD 05.01.150 (A) & Etc. From the Fed. Indian Plaintiff **STATE** File for **LIFE**.
> Issue a Declaratory Judgement determine the Illegally conditions of the Fed. Indian Plaitiff(s) **STATE** Mich. / **STATE** MDOC confinement to be violated of hid Indian Civil Rights & U.S. Const. 42 USC sec 1983 / Fed. Indian **Treaties** Laws / Major Crimes Act & Etc.
> That a preliminary Injunction issue enjoining **STATE** MDOC Defendant(s) & et.al's from continuing to violate Fed. Indian Laws & Fed. Laws.
> That by appropriate **ORDER** the Fed. Hon. Court **ORDER STATE** MDOC Defendant's & et.al's to **VACATE** & **REMOVE ALL** Fed. Indian Special Designation
> . . . .
> **AWARD** Fed. Indian Plaintiff(s) Lightningbolt Four (**4**) Million Dollars (4,000,000,000.00) Compensatory Damages from **STATE** of Mich. & **STATE** MDOC Defendant(s) & et.al's ( **FALSE** Reports / **FALSE** Arrest / **FALSE** Imprisonments & Etc.)
> **AWARD** Fed. Indian Plaintff(s) **Lightningbolt** Four (4) Million (4,000,000,000.00) Punitive Damages from the **STATE** of Mich. & **STATE** MDOC Defendant(s) & et.al's Outrageous Conduct Special Designation - Predator Label - being Illegally placed on him for **14** Years ago . . .

Compl 9-11 (sic).

No answer has been filed. There is a document docketed as a motion for reconsideration of the Court's order denying the petitioner's motion for appointment of counsel, which apparently has not been addressed by the magistrate judge. On October 11, 2007, two days after his objections were filed, the petitioner filed a set of documents docketed as "miscellaneous documents." He appears to complain that the defendants have not appeared in the case and blames the clerks' office for

failing to issue a summons to them. The documents contain his typed version of several legal documents, such as a summons, a "warrant felony," and the order of the Court reassigning the case from Judge Taylor to the undersigned. There are also various news articles, although it is not clear what relevance they have to the case. One is about U.S. Attorney Stephen Murphy's attempt to partner with private companies to fight terrorism, while another is about Attorney General Gonzales's resignation. Then there is a list of "**CHARGES**," which perhaps could be construed as an amended complaint. There are "counts" for failing to obey a court order, failing to obey Indian treaties, violation of "Lex Tallions," filing of false reports, disobeying an executive order regarding chewing tobacco in a Michigan Department of Corrections building, racial ethnic intimidation, "Action of Criminal Torts," "Violent Crime Control Act," "THIEF," "Inciting a Fed. Indian's to go against their Fed. Indian Laws," outrageous misconduct and unlawful arrest. The counts lack any description or factual support. The document also lists 226 individuals as "parties." The petitioner also filed a shorter set of documents, docketed as "AMENDED miscellaneous documents," that appear to just contain subpoenas that he wants signed.

Magistrate Judge Majzoub recommended that the complaint be dismissed on the grounds that the petitioner was challenging the validity of his conviction. Under *Preiser v. Rodriguez*, 411 U.S. 475, 484-93 (1973), the only vehicle for challenging the validity of a conviction is via a petition for a writ of habeas corpus. This rule applies equally to requests for monetary relief, *Heck v. Humphrey*, 512 U.S. 477 (1994), declaratory relief, *Edwards v. Balisok*, 520 U.S. 641 (1997), and injunctive relief. *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998). The magistrate judge also found that the petitioner's claim of immunity from state prosecution was frivolous. She noted that this case may be the petitioner's third strike, as two prior lawsuits were dismissed for being frivolous. *Bolt*

*v. Fetterhoff*, No. 93-CV-972 (W.D. Mich. Dec. 14, 1993) (frivolous); *Bolt v. Graves*, No. 93-CV-928 (W.D. Mich. May 23, 1994) (frivolous).

The petitioner objects on several grounds. First, the petitioner rejects the magistrate judge's finding that his challenge to jurisdiction is frivolous, and he reiterates that the state lacked jurisdiction over him. Second, the petitioner objects on the ground that the magistrate judge cannot rule on the present case on the basis of the prior ones.

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The petitioner's objection that the case should be decided on its own merit and without reference to his prior dismissed cases is an accurate statement of the law, but the petitioner misunderstands what the magistrate judge concluded. She did not recommend dismissal of the action because the other cases lacked merit. She merely noted the prior cases due to the "three strikes" rule of 28 U.S.C. § 1915(g). Even then, she did not recommend dismissal on that basis. Instead, she concluded that the petition in the present case lacks merit, a conclusion with which this Court agrees.

Here's why. All of the relief that the petitioner seeks is based entirely on the invalidity of his state court convictions and sentences. None of that relief can be granted through mandamus. The petitioner must seek a writ of habeas corpus, which he may do only after complying with all of the procedural requirements, not the least of which is exhausting his remedies in the Michigan courts.

The petitioner believes that he is being illegally confined and improperly designated as a "homosexual predator" because the state court that convicted lacked jurisdiction over him, and therefore the conviction is invalid. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a prisoner could not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" could not bring this suit as long as the underlying conviction remained intact. The Court held that such a claim was barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, *or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254." *Id.* at 487 (emphasis added). The Court expressly rejected the plaintiff's claim for damages for a prosecution that he claimed was unconstitutional. *Id.* at 490.

"'These cases, taken together, indicate that a state prisoner's § 1983 action is barred . . . – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Thomas v. Eby*, 481 F.3d 434, 439 (6th Cir. 2007) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)). Here, the petitioner expressly challenges the lawfulness of his confinement. Habeas corpus, not mandamus, is the proper method of doing that.

To the extent that the petition can be viewed as a petition for a writ of habeas corpus, which the Court does not do now, it is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) added a statute of limitations period of one year after the criminal judgment became final to the habeas statute. 28 U.S.C. § 2244(d)(1)(A). Prisoners like the petitioner, whose conviction became final prior to 1996, were given a one-year "grace period" from the effective date of the statute, April 24, 1996. *Stokes v. Williams*, 475 F.3d 732, 734 (6th Cir. 2007) (per curiam). The October 13, 2006 date of the petition here is much more than one year after his 1993 conviction became final, and it is more than one year after the effective date of AEDPA.

Even if the Court were to construe the petitioner's "miscellaneous documents" can be construed as an amended complaint, this does not save his case. First, the Sixth Circuit has suggested that a prisoner cannot avoid dismissal at the screening stage with an amended complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("Under § 1915(e)(2), a court is required to dismiss a case when the action satisfies § 1915(e)(2)(A) or § 1915(e)(2)(B). Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to

avoid a sua sponte dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint.").

Moreover, the petitioner does not include any facts or argument to support his new "charges." The Federal Rules require the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Supreme Court recently reaffirmed that *pro se* complaints are to be liberally construed, they still must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007)). The petitioner has not provided any indication of the "grounds upon which [his claim] rests."

The petitioner's argument about the state court's lack of jurisdiction is also flawed. While it is generally true that state courts do not have jurisdiction to prosecute Indians for crimes committed in "Indian country," state courts may exercise jurisdiction over Indians outside of Indian lands. *See, e.g., DeCoteau v. District County Court for Tenth Judicial Dist.*, 420 U.S. 425, 427-28 (1975). "Indian country" is defined by statute to mean:

> (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

18 U.S.C. § 1151. The petitioner has not made any claim that he was in Indian country. Even if his claim was cognizable in this action, it is without merit.

III.

The Court agrees with the magistrate judge that the petition lacks merit. The Court also finds the petitioner's objections to the magistrate judge's recommendation have no merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #13] is **ADOPTED**, the petitioner's "Motion for Reconsideration Responds Objection" [dkt. #14], construed as objections to the recommendation, are **OVERRULED**, the petitioner's petition for a writ of mandamus [dkt. #1] is **DENIED**, and the case is **DISMISSED**

Ii is further **ORDERED** that the petitioner's Motion for Reconsideration on Order Denying Motion to Appoint Counsel [dkt. #11] is **DENIED as moot**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 22, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 22, 2008.

s/Felicia M. Moses
FELICIA M. MOSES